Per Curiam.
The bill states, that John Brown, on the 29th day of October, in the year of our Lord 1783, made an entry for 2,000 acres of land, lying on Knob Creek, waters of Duck River, Maury County ; and that in pursuance thereof a grant issued to him, the said John Brown, in the year 1808, covering the land so entered. The bill further states, that the defendants, or those under whom they claim, entered the same land that was covered by said Brown’s entry, but by entry subsequent to Brown’s entry, and of a younger date; that the defendants have gotten grants upon their entries, which are older than the grant to Brown. The bill states a regular title from Brown, the grantee, to the complainants, which is not controverted by the answer. The defendants are in possession, having regular titles from their patentees, which also is not controverted. The plaintiff’s equity is that he has the older entry; that it is special, designating the particular spot so entered ; that all subsequent enterers, by reasonable examination, might have known that the same was appropriated; that the defendants, having this knowledge, ought not to have proceeded to acquire a legal title thereto ; that their having done so, under these circumstances, entitles them to the equity of having the legal estate to the land declared in them by decree of this court, and possession to be delivered up, &c. The equity in this case depends upon the following entries: “ John Brown, on the 29th of October, 1788, enters 2,000 acres on the waters of Buck River, adjoining the entry made by Charles Dixon, for the legatees of Henry Dixon, deceased, up the creek above said entry R Dixon’s entry referred to * is in the following words : “ Charles Dixon, for the legatees of Henry Dixon, deceased, 28th October, 1783, enters 1,500 acres, lying on the north side of Duck River, on a large creek running into the same, a small distance from General Green’s northeast corner; beginning on the creek joining C. Porter, and running with his line and up the creek on both sides for quantity.” Porter’s entry above referred to is as follows: “ Charles Porter, 26th October, 1788, enters 6,000 acres, lying on the north side of Duck River, beginning at the mouth *612 of the first creek running in on the north side above the mouth of Green’s Lick Creek, and running up the river for quantity.” Brown’s entry refers to Dixon’s, and Dixon’s to Porter’s. The first question then is, whether Porter’s entry is special, and the survey correspondent therewith and legal. It was proved that the mouth of Green’s Lick Creek was about one mile below the mouth of Knob Creek, on Duck River; that Knob Creek was the first creek running into Duck River, on the north side, above the mouth of Green Lick Creek, and that the general reversed course of Knob Creek, from its mouth upwards, was considerably to the east of north. Porter’s survey began at the mouth of Knob Creek, and ran north, then east, then south to Duck River, and with the river to the beginning, making a square as nearly as could be effected, considering the ground, the meanders of Duck River forming the fourth or closing boundary of the figure. Upon this case it is believed that Porter’s survey is a large one, correctly executed, and supported by his entry. It is not considered that this entry gives any indication to the surveyor, whether the form to be pursued by him should be that of a square, or an oblong; the choice, therefore, having devolved upon the surveyor, on his election of a square, is a good execution. He begins at the point called for by the entry, and runs up the river, which satisfies the location. No question can arise but * what Porter’s entry is special on the face ; indeed none has been made by the argument.
The next question is, whether Dixon’s entry is special; and has it been surveyed according the entry ? The proof on this part of the case shows that a large creek, now called Rutherford’s Greek, but in the year 1783, about the time of Dixon’s entry and some time afterwards, was called Caney Fork of Duck River, and runs into Duck River, on the north side, about 180 poles east of Porter’s east boundary, distant from General Green’s northeast corner, in a straight line, 428 poles. It was further proved that General Green’s northeast corner was distant from the mouth of Knob Creek, 805 poles; that Knob Creek at its mouth was about 25 feet wide, and Rutherford’s Creek 75 feet at its mouth. Some testimony was given to show that Knob Creek in early times, when this entry was made, was called a large creek; and one entry was produced, calling it Big Creek. At present, however, it appears to be of size far inferior to the greater number of creeks on Duck River, within *613 many miles of it, equal to one or two and superior to the like number. Dixon surveyed his entry on Knob Creek in a square adjoining Porter’s on the north, Porter’s north boundary forming his south boundary, and having the creek running nearly through the centre of his survey. On this part of the case it was contended by the defendant’s counsel that Dixon hath not surveyed pursuant to his entry; that the entry intended Rutherford’s Creek, and that this intention is well supported by the description proved; Rutherford’s Creek being a large creek, and a small distance from General Green’s northeast corner. Besides, it was argued that Knob Creek could not be the creek intended by Dixon, else why, having Porter’s entry before him, and calling for it, he did not describe Knob Creek as that entry did ? And not having done so, he must have intended another creek. The court feels the * weight of this argument and acknowledges the strength in which it was presented by the defendant’s counsel; but they must remember this, they are not travelling on untrodden ground, the road .is well marked, and they have to follow. Almost every question that can arise upon an entry is well settled by the previous decisions of the different tribunals in this State. And a legal intention is ascertained by the rules- of law, so that the consideration of an entry is no longer afloat in this particular. The locative call is to prevail over the more general or directory. Applying this rule to the present case, beginning on the creek, joining Charles Porter’s, &c., is the locative call. This fixes Dixon’s entry on Knob Creek, as he has surveyed it. No question is made on Brown’s entry, when Dixon’s is thus fixed: his to adjoin Dixon’s, and up the creek above for quantity, and so it has been surveyed.
Decree for the complainants.
After the decree was settled and entered, the counsel for the defendants presented a petition for a rehearing, -which is depending undetermined.
See Winchester v. Gleaves, 3 Hay. 212, and note sub fin